# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHELLY STIVERS, on behalf of herself and all other similarly situated persons, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS STATE TOLL HIGHWAY AUTHORITY,<br><br>Defendant. | No. 15-cv-09030<br><br>Judge Matthew F. Kennelly<br>Magistrate Judge Maria Valdez |

## ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT

The Court has considered the Plaintiff's Agreed Motion for Final Approval of Class Settlement and other related materials, as well as the Plaintiff's presentation at the hearing on final approval, and, hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the parties' Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, including jurisdiction over all members of the Settlement Class certified by this Court in its September 14, 2016 Order, which is defined as:

> All individuals who were employed by Illinois State Toll Highway as a toll collector and/or senior toll collector at any time during the period of October 13, 2012 until March 14, 2016.

3. The settlement memorialized in the Settlement Agreement falls within the range of reasonableness and meets the requirements for final approval.

4.      The Notice Regarding Proposed Settlement of Class Action ("Class Notice") and related materials (collectively, "Notice Materials"), sent to the Class Members via First Class Mail, adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Notice Materials also adequately informed the Class Members of the toll-free telephone number established by the settlement claims administrator, Simpluris, Inc., ("Claims Administrator"), and informed the Class Members of the contact information for Class Counsel. Thus, the Court finds that the Notice Materials provided to the Class provided the best notice practicable under the circumstances, met the requirements of due process and otherwise satisfied the requirements of Fed. R. Civ. P. Rule 23(e)(1)(B).

5.      The Settlement is fair, reasonable and adequate, is in the best interests of the Class Members, and is the result of arm's length negotiations between experienced attorneys who are familiar with class action litigation in general, and with the legal and factual issues in this case in particular; specifically, the Court finds that: (a) the strength of the Class Representative's and Class Members' claims weighed against ISTHA's defenses, and the complexity, length and expense of further litigation, support approval of the Settlement; (b) the settlement amounts as set forth in the Notice Materials are a fair, reasonable and adequate settlement of the claims of the Class; (c) the Settlement was reached pursuant to arm's length negotiations between the parties; (d) the support for the Settlement expressed by Class Counsel and counsel for ISTHA, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Class Members supports approval of the Settlement; and, (f) the litigation has progressed to a

stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

6. Pursuant to the terms of the Settlement Agreement, this Settlement shall be funded by ISTHA, within thirty (30) calendar days of the Effective Date of the Settlement. The Settlement Fund will be set up, held and controlled by the Claims Administrator. No other funds shall be added to or comingled with the Settlement Fund. In no event shall the Claims Administrator withdraw, transfer, pledge, impair or otherwise make use of the funds in the Settlement Fund except as expressly provided in the Settlement Agreement.

7. With respect to the Settlement Fund, the Claims Administrator shall comply with all of the duties and requirements set forth in the Settlement Agreement and applicable federal, state, and local law.

8. The Incentive Payment, as set forth in the Settlement Agreement, is approved and shall be awarded and paid from the Settlement Fund to Shelly Stivers in the amount of $10,000.

9. Class Counsel is awarded $466,000.00 for reasonable attorneys' fees and for reimbursement of reasonable and necessary costs. Class Counsel shall receive such payments from the Settlement Fund according to the procedures set forth in the Settlement Agreement.

10. Participating Claimants shall receive their settlement shares according to the procedures set forth in the Settlement Agreement.

11. The Court orders that any Class Member who did not timely submit an Election to Opt-Out of Settlement is bound by the terms of the Settlement Agreement and fully releases and discharges ISTHA from all actions or causes of action, whether known or unknown, that the parties agreed to release in the Settlement Agreement.

12. The Court finds that the 433 individuals that have submitted valid forms and have been accepted as timely and complete by ISTHA are bound by the terms of the Settlement Agreement, and are entitled to participate in the monetary portion of the Settlement. These individuals who affirmatively opted-in to the Settlement have fully released and discharged ISTHA from all actions or causes of action, whether known or unknown, that the parties agreed to release in the Settlement Agreement.

13. This Court grants final approval of the Settlement, and this matter is dismissed with prejudice, without any cost to any of the parties except as provided in the Settlement Agreement.

14.

IT IS SO ORDERED.


Dated: January ___, 2017

                                                      The Honorable Matthew F. Kennelly
United States District Court Judge